**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1809 DOC(PLAx)            Date: February 15, 2011

Title: Kevin Hanaway v. JPMorgan Chase Bank

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

        Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") filed by Defendant JPMorgan Chase Bank ("JPMorgan") in the above-captioned case ("Motion to Dismiss"). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion.

        **I.**      **Background**

        On April 19, 2004, Plaintiff obtained a mortgage loan (the "loan") from Washington Mutual Bank, FA ("Washington Mutual") for real property located at 25 Skywood Street, Ladera Ranch, California 92694 (the "Property"). FAC ¶ 1. The loan was secured by a deed of trust ("DOT"), which identified Washington Mutual as the beneficiary and California Reconveyance Company as the trustee. Defendant's Motion to Dismiss ¶ 1. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the Federal Deposit Insurance Corporation ("FDIC") as the receiver. On the same date, Defendant purchased the failed Washington Mutual from the FDIC. *Id.* at 2.

In the meantime, Plaintiff allegedly defaulted on the loan. On March 18, 2009, a Notice of Default and Election to Sell Under Deed of Trust was purportedly recorded in the Orange County Official Records. On April 30, 2009, Quality Loan Service Corporation ("Quality"), who is not a party to this action, became the trustee under the DOT pursuant to a Substitution of Trustee. *Id*. After Plaintiff allegedly failed to reinstate the loan, the Property was foreclosed on August 20, 2009 and sold to Defendant. FAC ¶ 8. A Trustee's Deed of Sale was allegedly recorded on August 26, 2009 with the Orange County Official Records. Defendant's Motion to Dismiss ¶ 2.

Plaintiff contends that Defendant wrongfully instituted foreclosure proceedings, and that in so doing, violated numerous federal and California state laws. FAC ¶ 8. Plaintiff filed suit in Orange County Superior Court. Defendant removed the action to federal court. Following removal, Plaintiff filed their First Amended Complaint ("FAC"), asserting claims for (1) Declaratory Relief, (2) Fraud, (3) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (4) Violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, (5) Fair Credit Reporting Act ("FCRA"), (6) Wrongful Foreclosure, (7) Violation of Cal. Civ. Code § 1788.17, and (8) Injunctive Relief. Defendant now moves to dismiss the FAC on the grounds that it fails to state a claim upon which relief may be granted.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the

plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. Discussion

#### 1. The TILA Claim

Defendant contends that JPMorgan cannot be held liable on Plaintiff's TILA claim because its agreement to purchase and assume Washington Mutual's assets and liabilities from the FDIC expressly excluded liability for claims by borrowers related to loans made or held by Washington Mutual. RJN, Ex. 6.[1]

The FAC is unclear as to whether Plaintiff's TILA allegations stem from the origination of the loan. The FAC alleges only that "Defendant has failed to meet disclosure requirements under the

---

[1] In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). Since the facts are "capable of accurate and ready determination" by the Court, the Court takes judicial notice of the facts in Exhibit 6 of Defendant's Request for Judicial Notice.

Truth in Lending Act." FAC ¶ 29. Plaintiff fails to adequately support this conclusory allegation. The FAC cites the TILA statute, summarizes Pennsylvania and state law cases, and directs the Court to a list of tangential exhibits. As a result, the Court cannot be certain that the Plaintiff's TILA claim allegedly arises out of the origination of the loan or some other occurrence, such as the assignation of the loan to JPMorgan.

If arising out of the origination of the loan, the Court first notes that this claim would be barred by TILA's statute of limitations. A TILA action to recover damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The closing date constitutes the date of occurrence. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). The loan in question was entered into in 2004, and this action was filed in state court in 2010, well after the expiration of the one-year statutory limit.

Moreover, Plaintiff cannot recover from JPMorgan if his claim directly relates to the loan transaction with Washington Mutual due to JPMorgan's purchase agreement. Other district courts in this Circuit have dismissed claims against JPMorgan arising out of loan agreements entered into with Washington Mutual. *See, e.g.*, *Rosenfeld v. JPMorgan Chase Bank*, *N.A.*, No. C 09-6070 MEJ, 2010 WL 315508, at *4 (N.D. Cal. Aug. 9, 2010); *Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1345276 (N.D. Cal.April 6, 2010); *see also Molina v. Washington Mut. Bank*, No. 09-CV-00894 IEG (AJB), 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010) (dismissing with prejudice successor-in-interest claims against JP predicated upon Washington Mutual's conduct during and after residential loan origination); *Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953, at *2 (N.D. Cal. Oct. 28, 2009) (same); *Cassese v. Wash. Mut. Bank*, No. 05 CV 2724 ADS (ARL), 2008 WL 7022845, at *3 (E.D.N.Y. Dec. 22, 2008) (same). The First Circuit has likewise held that JPMorgan may not be held liable on claims arising out of Washington Mutual's loan agreements, as a result of the liability exclusion in the FDIC's purchase and assumption agreement with JPMorgan. *See Yeomalakis v. F.D.I.C.*, 56 F.3d 56, 60 (1st Cir. 2009). Pursuant to the express terms of JPMorgan's purchase and assumption agreement with the FDIC, Plaintiff's TILA claims arising out of the origination of the loan are barred.

Plaintiff argues that it is inequitable for JPMorgan to avoid liability for actions taken by Washington Mutual while still retaining the benefits of Washington Mutual's loan agreement with Plaintiff. Plaintiff's Opposition to Defendant's Motion to Dismiss ¶ 18. The exclusion of liability arising out of the loan agreements, however, was made in consideration of, and was a condition for, JPMorgan's purchase and assumption of the loan agreements from the FDIC. *See Williams v. F.D.I.C.*, No. CIV 2:07-2418 WBS GGH, 2009 WL 5199237, at *5 (E.D. Cal. Dec. 23, 2009) (stating that "an assuming bank would rarely be inclined to enter a P & A agreement with the FDIC knowing that it could be taking on some undefined liabilities of undefined dimensions that could arise at some uncertain date in the future."). Plaintiff is not foreclosed from bringing his claims against the FDIC. *See Yeomalakis*, *supra*; *see also Kennedy v. Mainland Sav. Ass'n*, 41 F.3d 986-91 (5th Cir. 1994) ("The

federal receiver such as FSLIC or RTC has the power to sell an asset . . . while retaining a related liability and no liability is transferred to an assuming institution. . . absent an express transfer.").

The plain terms of the purchase agreement render claims against JPMorgan arising out the origination of the loan infirm as a matter of law. Since Plaintiff does not properly plead any specific violations of TILA, Plaintiff does not clearly allege a claim upon which relief may be granted.

Accordingly, The Court DISMISSES Plaintiff's TILA claim.

### 2. The FDCPA Claim

Plaintiff alleges that Defendants are "debt collectors" pursuant to FDCPA. As such, Plaintiff argues that Defendants are liable for ignoring "three 'cease and desist' and three requests for 'verification of debt' before . . . unlawfully proceed[ing] with the trustee sale." FAC ¶ 30. The FDCPA prevents a "debt collector" from engaging in various "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. Pursuant to the FDCPA, a "debt collector" must cease collection of a debt "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed." 15 U.S.C. § 1692g(a)(4). Before reinstating collection of the debt, "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." *Id*.

In response, Defendant alleges that Plaintiff's FDCPA claim fails because foreclosure proceedings are not debt collection actions pursuant to the FDCPA statute.[2] The text of the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a). In short, a debt is a monetary obligation, and a debt collection action aims to compel payment of this obligation.

The aim of a foreclosure, however, is entirely distinct from the aim of a debt collection action. With a foreclosure, the trustee exercises his power of sale, which is security against the breach of the obligation. Cal. Civ. Code § 2924. Thus, "[p]ayment of funds is not the object of the foreclosure

---

[2] Plaintiff argues that JPMorgan had no right to institute foreclosures proceedings against him. FAC ¶ 8. The purchase and assignment agreement, however, expressly allowed JPMorgan to retain the benefits of these loan agreements, including the right to collect payments on the loans and thereafter commence foreclosure proceedings subsequent to the filing of a notice of default. RJN, Ex. 6.

action. Rather the lender is foreclosing its interest in the property." *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA. As such, "[a]ny actions taken by [JPMorgan] in pursuit of the actual foreclosure may not be challenged as FDCPA violations." *Id*. Other courts have held likewise. *See Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); *see also Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (D. W. Va. 1998), aff'd, 173 F. 3d 850 (4th Cir. 1999) (finding that a foreclosure proceeding pursuant to a deed of trust was not a basis for a FDCPA violation).

Accordingly, the Court DISMISSES Plaintiff's FDCPA claim for failure to state a claim.

### 3. The FRCA Claim

The FRCA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The statute lists requirements for credit disclosures and prohibits numerous unfair practices. *See* 15 U.S.C. § 1601, *et seq.*

Defendant contends that Plaintiff fails to allege, "with any degree of factual support," that Defendant is liable for a violation of the FRCA. Defendant's Motion to Dismiss ¶ 11. Indeed, the FAC alleges one conclusory statement: "The Defendant violated Plaintiff's rights for disclosures to consumers upon request." FAC ¶ 31. The FAC then directs the Court to a list of exhibits with ambiguous information and provides the Court with a summary of an Arkansas appellate case. These allegations, when taken as true, fail to move the claim from the realm of possibility into the real of plausibility. Thus, "[i]f the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed." *Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Court therefore DISMISSES Plaintiff's FRCA claim.

### 4. Plaintiff's Remaining State Law Claims

Because the federal claims were the basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[3] The Court will therefore not address Plaintiff's pleadings as to the state causes of action.

---

[3] 28 U.S.C. § 1367(c) provides that the district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."

### IV. Disposition

For the reasons set forth above, Defendant's Motion to Dismiss is hereby GRANTED as to Plaintiff's third, fourth, and fifth causes of action. Since the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, the case is therefore REMANDED to state court for want of federal jurisdiction.[4]

The Clerk shall serve this minute order on all parties to the action.

---

[4] Additionally, there may be other grounds fore remanding: improper removal. *See* 28 U.S.C. § 1441(c). Plaintiff alleges in their FAC that Defendant improperly removed to state court. FAC ¶ 2. Defendant alleges that Plaintiff never served Defendant with a copy of the summons and the complaint. Defendant's Notice of Removal ¶ . The Court declines to discuss the merits of this issue since it has other grounds for remanding.